KYLE, District Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that the plans were not required to advise Kinkead that, after being notified that her application for benefits had been denied, she must exhaust their appeal procedures before filing suit in federal court.[4]
The Court writes that “neither the statute, the Department’s regulations, nor any prior case imposes such a notice requirement.” ERISA itself, however, does not contain any exhaustion requirement. The statute is silent on this issue; exhaustion is a judicially created requirement. See Conley v. Pitney Bowes, 34 F.3d 714, 716 (8th Cir.1994).
The opinion states that: “[Gjiven the practical reasons favoring exhaustion, claimants with notice of an available review procedure should know that they must take advantage of that procedure if they wish to bring wrongful benefit denial claims to court.” (Emphasis added). While there are practical reasons favoring exhaustion, it does not, in my view, follow that claimants should know that they must take advantage of those procedures if they wish to file a lawsuit to enforce their benefits. We are not necessarily dealing with sophisticated employees or lawyers specializing in ERISA claims. Requiring the plan to clearly advise a claimant of the consequences of not exhausting the administrative review process would not place a substantial burden on the plan administrators, but it would explain the adverse consequences to an uninformed claimant.
In summary, I believe that a plan should be required to clearly inform a claimant that its internal review procedures must be exhausted before, and as a condition of, seeking judicial relief. The plans under review here failed to so inform Kinkead. Accordingly, I would reverse the Order of the District Court and allow Kinkead to proceed with her ERISA benefit claims against Bell and its two plans.

. I concur with the majority’s conclusions that the Committee’s claim denial letter adequately described the claim review process and provided a sufficiently detañed analysis of the reasons for denying Kinkead's claim.